**City of Aurora**

City Attorney's Office
15151 East Alameda Parkway, 5th Floor
Aurora, Colorado 80012
Phone: (303) 739-7030
www.auroragov.org



May 27, 2020

The Honorable R. Brooke Jackson
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse, A938
909 19th Street
Denver, Colorado 80294-0101

RE:   Ritchie v. The GEO Group, Inc., et al.
      Civil Action No.: 20-cv-00156-RBJ
      Letter regarding Motion to Dismiss

Dear Judge Jackson:

### CONFERRAL

Pursuant to the Practice Standards of Judge R. Brooke Jackson, revised December 1, 2019, "Motions and Briefs," Counsel for Aurora and counsel for Plaintiff conferred extensively regarding Aurora's contention that Plaintiff cannot state a claim against Aurora. Plaintiff filed an Amended Complaint. The Amended Complaint does not allege any new facts against Aurora. The Amended Complaint only characterized the facts differently in a futile attempt to craft a claim against Aurora. Aurora seeks permission to file a Motion to Dismiss.

### INTRODUCTION

Plaintiff in this case was an inmate at the federal detention facility run by Defendant The GEO Group, Inc. ("GEO") when he was involved in an altercation with other inmates. GEO contacted the City of Aurora to obtain a report number relating to an altercation that occurred at GEO. A City of Aurora Police Officer responded to GEO's call and contacted staff. The Police Officer offered to investigate.

### ALLEGATIONS AGAINST AURORA IN THE AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges: "In 2018, Lawrence Ritchie was incarcerated in the custody of the United States Marshals Service ("USMS"), and confined at the Aurora Detention Facility ("ADF"), a detention center operated and managed by Defendant The GEO Group, Inc. ("GEO")." *Amended Complaint*, ¶1.

On January 17, 2018, Mr. Ritchie was jumped and attacked by a group of USMS detainees in his unit. *Amended Complaint,* ¶2.

After the assault, Defendant GEO called the Aurora Police Department ("APD"), an entity of the City of Aurora. When the responding APD Officer inquired about beginning an investigation, GEO assured the APD that GEO would handle any investigation internally. Defendant GEO instructed the APD not to speak with Mr. Ritchie, and APD complied with no further discussion. *Amended Complaint,* ¶4.

There is no allegation that Ritchie was ever in the custody or control of the City of Aurora or any of its employees. There is no allegation that Aurora arrested or incarcerated Plaintiff. There is no allegation that any Aurora employee had any involvement in the alleged attack on Ritchie or that any action by Aurora could have prevented the attack. There is no allegation that Mr. Ritchie reported the alleged assault to the Aurora Police Department or ever contacted Aurora to request an investigation into the alleged assault.

## CLAIMS

In his Amended Complaint, Plaintiff brings five (5) claims against Aurora. Those claims are: 1) state created danger; 2) conspiracy to interfere with civil rights; 3) failure to train and supervise; 4) equal protection; and, 5) violation of the Colorado Victim's Rights Act.

The entire basis of Plaintiff's Complaint is that a third party, GEO, reported that a fight occurred at the facility and Plaintiff suffered injury. There is no theory under which that fact pattern states a claim against Aurora. Aurora has no jurisdiction, let alone any duty, to keep order among the inmates of this federal correctional facility. The mere fact that the facility is located in Aurora does not make Aurora culpable for anything that happens amongst the inmates in the facility. Simply because a correctional facility is located in Aurora does not give rise to a claim against Aurora.

No matter how Plaintiff attempts to characterize the factual allegations, each of his claims are based on the fact that Aurora police did not conduct a criminal investigation into the incident reported by GEO. There is no right to investigation or charges. Not only did Aurora offer to investigate if requested by the Plaintiff, Plaintiff never reported any crime, nor requested any assistance from APD. Even if he had, there is still no constitutional right to an investigation of alleged criminal activity. Plaintiff has no constitutional right to have allegations of criminal activity by other private citizens investigated by the police or prosecuted. *See Nelson v. Skehan*, 386 F.Appx. at 786 (citing *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993).) In addition, each claim has fatal flaws.

Specifically, in the First Claim for Relief, brought under the state created danger theory, a Plaintiff must allege that the state committed an affirmative act to create the danger, not a failure to act. *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 925 (10th Cir. 2012), In response to Aurora's assertion of this element, Plaintiff amended his original allegation that Aurora failed to act by re-characterizing Aurora's failure to conduct a criminal investigation as an "affirmative decision to abdicate its responsibility to determine whether a crime . . . should be investigated. *Complaint,* ¶52, *Amended Complaint,* ¶53. This re-characterization does not cure the defects

with this claim.  As in *Gray,* the allegation that Aurora failed to investigate is not sufficient to state a claim for state created danger, even if Plaintiff had a constitutional right to an investigation, which he does not.  Further, "danger creation claims requires not only that plaintiff be a 'member of a limited and specifically definable group,' but also that defendant's conduct specifically 'put plaintiff at substantial risk of serious, immediate, and proximate harm.'"  *Id.* at 927 (danger of abuse to the unfortunate children enrolled in licensed daycare facilities not sufficient to establish a specifically definable group for purpose of danger creation theory of liability.)  Plaintiff is not a member of a limited and specifically definable group.

Plaintiff's Second, Third and Fourth claims similarly hinge on the illusory constitutional right to an investigation of allegations of criminal conduct.  In addition, Claim Two (42 U.S.C. §1985 - Conspiracy to Interfere with Civil Rights) fails because Plaintiff does not allege membership in a race based or other invidiously discriminatory based class.  *See Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998); *See also, Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir. 1997).  "[W]*e do not recognize prisoners as 'a suspect class.'*"  *See Giarratano v. Johnson,* 521 F.3d 298, 303 (4th Cir. 2008).  Quoting *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997).  As to Claim Four, equal protection, Plaintiff fails to allege that Aurora treats third party reports of crimes allegedly committed against another party differently in a non-custodial setting.

Finally, the Plaintiff attempts to use the Colorado Victim Rights Act § 24-4.1-301 to create liability for the City where none exists.  Nowhere in the Act does it create a right for a victim to have a crime investigated, nor does it create municipal liability in the event charges are not filed.  The Act does not create any private right to have a criminal investigation conducted.  The Tenth Circuit stated, "the statute does not impose liability for damages on anyone:  The statute provides no damages remedy; and those on whom a duty is imposed cannot be sued for damages." *See Fredericks v. Jonsson, 609 F.3d 1096, 1104 (10th Cir. 2010).*  In response to this information, Plaintiff amended his Complaint to state that he is seeking declaratory relief.  However, Plaintiff has not sufficiently plead a claim for declaratory relief and the Colorado Supreme Court has held that the Colorado Governmental Immunity Act bars claims such as Plaintiffs which "are premised upon, and could succeed only upon a demonstration of . . . liability for tortious conduct." *Colorado Dept. of Transp. v. Brown Grp. Retail, Inc.,* 182 P.3d 687, 691 (Colo. 2008).

Aurora respectfully requests the Court grant it permission to file a Motion to Dismiss Plaintiff's claims so that it can more fully address the defects in each claim.

Respectfully submitted,


*s/ Julia A. Bannon*
Julia A. Bannon
Senior Assistant City Attorney

c:      Olivia Kohrs  (olivia@novo-legal.com)
        Gordon Vaughan  (gvaughan@vaughandemuro.com)
        Jefferis, Danielle  (djefferis@law.du.edu)