IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2020-cv-00156-RBJ

LAWRENCE RITCHIE,

    Plaintiff,

vs.

THE GEO GROUP, INC.,

    Defendant.

_____

**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**
_____

## NATURE OF THE CASE / STANDARD OF REVIEW

Ritchie agrees in his Response that he brings only "a state-law tort claim for negligence against Defendant GEO for its failure to protect his safety." (Doc. 37 at 8.)[1] Ritchie also does not, in his Response, contest GEO's recitation of the allegations in its Motion to Dismiss ("Motion") or expressly argue that there were material allegations omitted by GEO. And, Ritchie does not contest the authenticity of, or GEO's reference to, the jail surveillance recording of the fight which occurred outside of the cell.

---

[1] Ritchie attempts to expand his negligent failure to protect claim to encompass a failure to receive medical attention and failure to conduct an investigation claim. (Doc. at 10.) But these theories of relief are not included in Ritchie's "Negligence - Assault Against Defendant GEO" claim. Indeed, Ritchie withdrew his negligent medical care claim and his state-created danger claim premised on an alleged failure to investigate in his Amended Complaints. Even if these withdrawn theories are deemed included, they fail to state a plausible claim under *Twombly* and *Iqbal*.

While agreeing that GEO's Rule 12(b)(6) motion is to be considered under the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Ritchie, citing *Erickson v. Pardus*, 551 U.S. 89 (2007), argues that pleading "[s]pecific facts are not necessary." (Doc. at 7-8.) But the *Twombly - Iqbal* plausibility standard is not diminished by *Erickson*. *See* Martin H. Redish, Pleading, Discovery, and the Federal Rules: Exploring the Foundations of Modern Procedure, 64 Fla. L. Rev. 845, 869-870 (2012) ("holdings of the two decisions [*Twombly* and *Erickson*] are easily reconcilable" because the *Erickson* complaint met the plausibility standard); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (recognizing the *Erickson* decision but upholding dismissal under *Twombly/Iqbal* requiring that at least some relevant factual allegations must be made to make the claims plausible on their face and that "[w]hile 'specific facts are not necessary,' some facts are").

## I. PLAINTIFF'S CLAIM FOR NEGLIGENT FAILURE TO PREVENT THE INMATE ASSAULT FAILS TO STATE A PLAUSIBLE CLAIM

For purposes of this Motion, the parties appear to agree that the duty imposed on GEO, here, "is limited to a duty to take reasonable action to prevent or intervene in an actual or imminent inmate attack where the prison official actually knows or has reason to know of the attack and has the ability and opportunity to prevent it or intervene to stop it."[2]

---

[2] Arguably, this claim should be analyzed under the exclusive remedy provisions of the Colorado Premises Liability Act ("CPLA"), C.R.S § 13-21-115(3). *Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612, 613 (Colo. App. 2003). And, consistent with the recent decision in *Allen v. GEO Group, Inc.*, No. 20-CV-00179-MEH, 2020 WL 5203783, at *9 (D. Colo. Sept. 1, 2020), Plaintiff may recover "only pursuant to [the CPLA] and not under any other theory of negligence, general or otherwise." As Ritchie

(Doc. at 9.) But Ritchie disagrees with GEO's characterization of three separate fights arguing that "the Court must consider the entire fight, from start to finish." (Doc. at 10.) But, whether considered three fights or one extended fight is not important. Important is whether there are factual allegations that plausibly state that a GEO employee knew or should have known of an imminent attack on Ritchie and failed to prevent or timely intervene.

Ritchie does not contest that he first assaulted another inmate for calling him names and that he and that inmate took their fight to a cell inside the dorm where they could fight without being seen. And whether considered separately or together, Ritchie points to no non-conclusory factual allegation that any GEO employee was aware of Ritchie's assault of the inmate or the subsequent fight in the cell.

As to the fight outside the cell, even without reference to the surveillance video, and accepting as true Ritchie's allegation that he was struck by at least five detainees "in full view" of at least one GEO employee, Ritchie nevertheless fails to state a claim as he does

---

would be considered an "invitee" under the CPLA, *Carson v. Corr. Corp. of Am.*, No. 10-CV-01329-REB-BNB, 2011 WL 1656509, at **2-3 (D. Colo. May 3, 2011), GEO's liability would be "for any 'unreasonable failure to exercise reasonable care to protect against dangers of which [it] actually knew or should have known.'" *Id*. at *3 (citing C.R.S. § 13–21–115(3). GEO did not raise this issue in the Motion, GEO has consulted with Ritchie's counsel who argues that the CPLA does not apply. GEO acknowledges that Ritchie should be permitted to file a sur-reply on the CPLA issue. For purposes of this Motion only, GEO concedes that whether considered under a negligence or CPLA theory, the question is whether Ritchie has alleged plausible facts that GEO failed to take reasonable action to prevent or intervene in an actual or imminent inmate attack for which it knew of or had reason to know would occur and had the ability and opportunity to prevent it.

not allege that the GEO employee either had an opportunity to intervene or a duty to rush into a group of detainees, placing the employee in danger of physical harm. Ritchie responds arguing that "it was Defendant GEO that allowed the fight to get to that point." (Doc. at p. 12.)[3] But, such conclusory statement misses the point that there are no factual allegations that a GEO employee was aware of an actual or imminent fight except the fight outside the cell, and Ritchie does not point to such facts in the 2AC that there was time or a reasonable means of a detentions employee to make an earlier intervention.

When considering the surveillance video, Ritchie does not contest the timeline and description of the recorded events by GEO including but not limited to: no unusually large group of detainees in the area where the fight later occurs or indication that an unusual event was about to occur; the fight occurred at the farthest point from the two guards in a partially obscured area; the assault lasted nine seconds; within 15 seconds detainees were being directed to their cells; and, within one minute, 42 seconds, a large GEO response team entered the dorm followed shortly thereafter by medical.

The surveillance video shows that the fight outside the cell occurred suddenly, with no notice or opportunity for the GEO employees to prevent it.[4] And the video shows an

---

[3] Ritchie argues, in his Response at p. 11, that "GEO had a wealth of opportunities to recognize that an attack was about to take place," but fails to direct the Court to actual factual allegations supporting such opportunities.

[4] On Ritchie's claim that GEO failed to implement appropriate policies to prevent the fight, Ritchie did not respond to GEO's argument that the 2AC failed to point to any specific policy that should have been implemented or how the absence of the policy caused the assault. *See Guzman-Martinez v. Corr. Corp. of Am.*, No. CV-11-02390-PHX-NVW, 2012 WL 5907081, at *7 (D. Ariz. Nov. 26, 2012) (the court, citing *Iqbal*, dismissed a claim for failure to "implement unspecified policies and practices" for the

active response.[5] As to the impact of similar video evidence, *Hooks v. Atoki*, No. CIV-17-658-D, 2019 WL 3417365, at *4 (W.D. Okla. Feb. 21, 2019), report and recommendation adopted, No. CIV-17-658-D, 2019 WL 2357371 (W.D. Okla. June 4, 2019), is instructive. There, relying on a surveillance video, the court found, albeit in the context of an Eighth Amendment claim, that a prison employee did not have a realistic opportunity to intervene to prevent or end an inmate assault where the assault lasted a short period of time and was not observed by the employee until well into the assault.

Respectfully submitted,

Date:  September 4, 2020         s/ Gordon L. Vaughan
                                 VAUGHAN & DeMURO
                                 111 South Tejon, Suite 545
                                 Colorado Springs, CO 80903
                                 (719) 578-5500 (phone)
                                 gvaughan@vaughandemuro.com (e-mail)
                                 ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Olivia Kohrs, Esq.** olivia@novo-legal.com;
**Danielle C. Jefferis, Esq.** djefferis@law.du.edu

s/ Gordon L. Vaughan

---

protection of transgender ICE detainees as it contained only "legal conclusions and conclusory factual allegations" that the "failure to adopt and implement unspecified policies directly and proximately caused plaintiff's injuries" or would have prevented the assaults).

[5]   It is apparent from the video that, on seeing the fight, one GEO detentions employee is seen speaking into his lapel microphone and the other banging on the dorm window to get attention and, soon thereafter, a large response team arrives with medical.