## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00156-RBJ

LAWRENCE RITCHIE,

    Plaintiff,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**PLAINTIFF'S SURREPLY TO DEFENDANT GEO'S MOTION TO DISMISS [Doc. 32]**

---

In Defendant GEO's Reply [Doc. 39], Defendant GEO raises the new legal argument that Mr. Ritchie's claim should be plead under the Colorado Premises Liability Act ("CPLA"), C.R.S. § 13-21-115(3), rather than negligence.[1] Mr. Ritchie hereby responds to this new argument.

**I.     The Colorado Premises Liability Act does not apply to Mr. Ritchie's case.**

The CPLA, which codifies the duties of a landowner, is inapplicable here where the duties of Defendant GEO, Mr. Ritchie's incarcerator, extend beyond those of a landowner. *See generally* C.R.S. §§ 13-21-115(2)-(3.5), (5). As explained below, neither the meaning of "landowner" nor the categories of people to whom a landowner owes a duty are applicable here.[2]

---

[1] Defendant GEO forfeited this argument by raising it for first time in its Reply. *See WildEarth Guardians v. U.S. BLM*, 322 F. Supp. 3d 1134, 1146 fn.17 (D. Colo. 2017) (citing *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011)).

[2] Defendant GEO acknowledges that, under this framework, Mr. Ritchie would be considered an "invitee." Reply, 3, fn.2 (citing *Carson v. Corr. Corp. of Am.*, No-10-cv-01329-REB-BNB, 2011 U.S. Dist. LEXIS 47208, at **2-31 (D. Colo. May 3, 2011)). To recover, an invitee must prove: "(1) the landowner 'actually knew or should have known' of the danger to the

      a. <u>Mr. Ritchie's claim is based on the duty Defendant GEO owed him as his incarcerator, not as a landowner.</u>

On its face, the CPLA "evidences the General Assembly's intent to establish a comprehensive and exclusive specification of the duties landowners owe to those injured on their property." *Vigil v. Franklin,* 103 P.3d 322, 328 (Colo. 2004). The purpose of the CPLA is to "promote a state policy of responsibility by both landowners and those upon the land as well as to assure that the ability of an injured party to recover is correlated with his status as a trespasser, licensee, or invitee," and to "promote private property rights and commercial enterprise and [] foster the availability and affordability of insurance." C.R.S. § 13-21-115(1.5).

These purposes are not served through the blanket application of the CPLA to prisoners' rights cases. An entity's duties as an incarcerator—exercising arguably one of the state's most unique and unparalleled powers—are nuanced and often go beyond those of a landowner. *See e.g., Farmer v. Brennan*, 511 U.S. 825, 844 (1994). These duties, many of which are derived from the U.S. Constitution rather than state common law, should be analyzed individually, not limited exclusively to the duties of a landowner. As evidence of the nuanced duties that incarcerators carry, incarcerators like Defendant GEO can still be held liable under alternative theories of negligence, such as medical negligence. The CPLA does not apply to cases where the duty alleged is a duty that a landowner does not exercise.

While "landowner" is undeniably one facet of Defendant GEO's identity, it is not the only one. Mr. Ritchie brings his claim of negligence against Defendant GEO not for the duty that it

---

invitee and (2) the landowner 'unreasonably failed to exercise reasonable care' to protect the invitee from that danger." *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 570 (Colo. 2008) (citing *Vigil,* 103 P.3d at 328 n.11); *see also* Reply, 3 fn.2.

owed him as landowner, but instead for the duties that it owed him as his incarcerator—the duty to provide him with his basic human needs, including safety and protection from assault or attack. *See*, Doc. 37, 9. Defendant GEO points to *Allen v. GEO Group*, No. 20-cv-00179-MEH, 2020 U.S. Dist. LEXIS 158730 (D. Colo. Sept. 1, 2020), to argue that this case must be plead under the CPLA. In *Allen*, this Court found that the CPLA applied where Defendant GEO "failed to restrict inmates' access to the ceiling ductwork," which ultimately led to a prisoner falling through the ceiling and injuring the plaintiff. *Id.* at **27-28. This Court has recognized the landowner duty of maintaining one's premises in other cases involving prisoners as well. *See e.g.*, *Carson*, U.S. Dist. LEXIS 47208, at *3 (prisoner-plaintiff injured hand on table saw); *Rodriguez-Aguirre v. United States*, 15-cv-00465-KLM, 2016 U.S. Dist. LEXIS 34023, at *2 (D. Colo. Mar. 16, 2019) (prisoner-plaintiff slipped and fell on wet floor). These cases are distinguishable here. The duty Defendant GEO owes to Mr. Ritchie here is not to maintain the condition of, the activities conducted on, or the circumstances existing on, its property, but rather to provide human necessities like protection. Mr. Ritchie's claim must be analyzed not under landowner duties, but under duties an incarcerator owes to someone under her complete care and control.

      b. <u>Mr. Ritchie is not a trespasser, a licensee, or an invitee, as defined by the legislature.</u>

The ill-fitting nature of the CPLA's categorization of people on another's land as applied to prisoners lends more weight to the inapplicability of the CPLA here. In *Carson,* the Court determined that a prisoner was "more properly viewed as an invitee." U.S. Dist. LEXIS 47208, at *7. A prisoner is clearly not a trespasser—he does not remain on the land without permission. A prisoner is not a licensee either, the Court in *Carson* observed, stating "it appears safe to assume that plaintiff was not in the jail voluntarily, nor is it likely he had a choice regarding his place of

incarceration," noting that "plaintiff's incarcerated status gave him a legitimate expectation that defendant would provide a measure of safety in his living and working environment." *Id.* (citing *Clemmons v. Bohannon*, 956 F.2d 1523, 1531 (10th Cir. 1992)). The Court found that "plaintiff's circumstances are most closely analogous to that of an invitee." *Id.* at *8.

Though there is no doubt that a prisoner—entirely dependent on his incarcerator—should be afforded the highest duty of care, categorizing a prisoner as an "invitee" is still attempting to fit a square peg into a round hole. A prisoner is not in prison to "transact business in which the parties are mutually interested" nor does he "enter[] or remain[] on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain." C.R.S. § 13-21-115(5)(a). Had the legislature intended for the CPLA to apply blanketly to cases involving prisoners, it would have legislated a category that more clearly included prisoners. It did not.

## II.    Even if the court is inclined to find that the CPLA applies, Mr. Ritchie has plausibly alleged all elements of the claim.

The question at hand, however, is whether Mr. Ritchie has plausibly stated a claim. He has, regardless of whether his claim is brought under state-law negligence, or under the CPLA. *See generally* Doc. 31; Doc. 37. Though not explicitly plead under the CPLA, Mr. Ritchie has still plead that Defendant GEO owned the facility he was incarcerated in, and that GEO actually knew or should have known of the danger yet failed to exercise reasonable care to protect Mr. Ritchie. *See Lombard*, 187 P.3d at 570.[3]

---

[3] Should this Court be inclined to determine that the CPLA applies, Mr. Ritchie respectfully requests the opportunity to amend his Complaint. "Plaintiff's claim is not barred [] simply for his failure to properly denominate his claim as arising under the premises liability statute." *McGee v. Lucas*, 16-cv-01523-CMA-MJW, 2017 U.S. Dist. LEXIS 214647, at **5-6 (D. Colo. Aug. 4, 2017)

4

Taking as true all facts pleaded in Mr. Ritchie's Second Amended Complaint [Doc. 31], and disregarding Defendant GEO's new argument that the CPLA should govern Mr. Ritchie's claim, Mr. Ritchie has stated a claim upon which relief may be granted. Defendant GEO's Motion to Dismiss should be denied.

Respectfully submitted this 15th day of September, 2020.

*s/ Olivia Kohrs*
Olivia Kohrs
Danielle C. Jefferis, *Of Counsel*
Novo Legal Group, LLC
4280 Morrison Rd., Denver, CO 80219
Telephone: (303) 335-0250
Email: olivia@novo-legal.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification to the following recipients:

Gordon Vaughan (gvaughan@vaughandemuro.com)
*Counsel for Defendant GEO Group, Inc.*

*s/ Olivia Kohrs*
Olivia Kohrs

---

(citing *Carson*, U.S. Dist. LEXIS 472088, at *1 (holding that, although the [CPLA] was the sole remedy available to plaintiff, plaintiff's claim is not barred simply because it was first phrased in negligence); *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Additionally, "[a]s a general rule, a plaintiff should not be prevented from pursuing a valid claim just because it did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (citations and quotations omitted). Defendant GEO is not prejudiced; Defendant is raising this alternate theory itself.